**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

MARVIN AND PATRICIA THOMAS

VERSUS                                                                                   CIVIL NO. 14-349-SDD-SCR

CHARLES HAYNES, II AND
GEROGIA FARM BUREAU MUTUAL
INSURANCE COMPANY

### **RULING**

**I.  BACKGROUND FACTS**

On or about April 8, 2013, a car operated by Marvin Thomas and occupied by Patricia Thomas collided with a vehicle operated by Charles Haynes, II on LA 3246 at or near its intersection with Rieger Road in Baton Rouge Louisiana.  On April 8, 2014, Marvin and Patricia Thomas filed a *Petition for Damages*[1] by facsimile.  The original Petition was not filed in the court until April 21, 2014.  Charles Haynes, II and Georgia Farm Bureau Casualty Insurance Company now move to dismiss the present matter under Federal Rule of Civil Procedure 12(b)(6) contending that the Plaintiffs' claim has been prescribed, pursuant to La. R.S. 13:850, which requires the original Petition and filing fee to be forwarded to the court within seven days.

**II.  LAW AND ANALYSIS**

**A.  Diversity Jurisdiction under 28 U.S.C. § 1332 and the *Erie Doctrine***

The Defendants have invoked this Court's diversity jurisdiction.[2] When, as is the case here, a federal court's subject matter jurisdiction is based on diversity, the district

---

[1] Rec. Doc. 1-2.
[2] Plaintiffs are citizens of and domiciled in the Parish of East Baton Rouge, State of Louisiana. Defendant, Charles Haynes, II, is a citizen of and domiciled in the State of Georgia and Defendant,

court applies the substantive law of the forum state.[3] The relevant state law in this case is La. R.S. 13:850 which provides:

> A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
>
> B. Within seven days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
>
> (1) The original signed document.
>
> (2) The applicable filing fee, if any.
>
> (3) A transmission fee of five dollars.
>
> C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.
>
> D. The clerk may purchase equipment and supplies necessary to accommodate facsimile filings out of the clerk's salary fund.

The Louisiana Supreme Court has interpreted "shall forward" in *Hunter v. Morton's Seafood Restaurant & Catering* and held that "to forward a document as required in La. R.S. 13:850(B), a litigant must only send the document; the sending of the document toward the place of destination is all that is required, pursuant to the clear and unambiguous language of La. R.S. 13:850(B)."[4] The "date when an original document

---

Georgia Farm Bureau Casualty Insurance Company, is incorporated in and has its principal place of business in Georgia and is, therefore, considered domiciled in Georgia. Thus, complete diversity exists among all parties. Marvin and Patricia Thomas seek recovery of damages exceeding $75,000.00.
[3] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).
[4] 6 So.3d 152,156 (La. 2009), expressly overruling cases holding to the contrary.

and fees have been forwarded to the Clerk's Office is a fact to be proved by the sender. . . . by a preponderance of the evidence."[5]

### B. Motion to Dismiss

A 12(b)(6) motion tests the legal sufficiency of a plaintiff's claims based on the factual allegation of the complaint. Defendants do not challenge the factual sufficiency of the plaintiff's tort claim. Rather the defendants contend that the plaintiff's suit is time-barred. The Motion to Dismiss presents a factual issue that cannot be determined by looking at the allegations of the complaint alone. The question is, did the plaintiff "forward" the original complaint and the filing fees within seven days of the Clerk of Court's receipt of the fax transmission of the plaintiffs Petition? This factual determination cannot be made by reference to pleadings alone, hence, the Court will treat this as a Rule 56 Motion.[6]

### C. Analysis

In the present matter, it is undisputed that the *Petition* was fax-filed on April 9, 2014, and it is also undisputed that the Plaintiffs were required to forward the original petition and filing fees by April 17, 2014.[7] The Plaintiff submitted a copy of the cover letter to the Clerk and a copy of the check to the Clerk both dated April 15, 2014. The Plaintiffs also submitted the affidavit of the legal assistant who wrote the check for the filing fees and prepared the documents to be mailed. The legal assistant attests that the envelope was picked up by the mail courier on April 16, 2014. The Clerk of Court's

---

[5] *Id.* at 156.
[6] "If on a motion under 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FRCP Rule 12(d).
[7] Legal holidays excluded.

docket sheet[8] reflects that a "LETTER FROM ATTORNEY" and "PET/TORT" were received by the Clerk's office at 8:44 am on April 21, 2014. The Court takes judicial notice that April 21, 2014 was a Monday and Friday, April 18, 2014 was Good Friday, a legal holiday.

Citing *Briggs v. Austin*,[9] an unpublished First Circuit opinion, the Defendants argue that an affidavit from legal staff is insufficient to meet the Plaintiff's burden of proof. The Court finds Briggs to be inapposite. In *Briggs*, the plaintiff attorney and his secretary both submitted affidavits attesting that the original Petition and filing fee were mailed within the requisite time period. However, the evidence revealed that the clerk's office did not receive the original petition until more than two months following the facsimile filing. The court in *Briggs* held that the evidence was insufficient to meet the burden required under the statute.[10]

The Court finds that in this case the Plaintiffs have carried their burden of proof by preponderance of the evidence. The affidavit of the legal assistant in this case that the original pleadings and fees were mailed on April 16th is supported by the fact that the Clerk's office received the mailing 5 days later, with 3 of the intervening days being weekend days/holidays. Under these circumstances, and based on the summary judgment evidence submitted, the Court finds the Plaintiffs have met their burden of proving timely mailing by a preponderance of the evidence.

---

[8] Rec 7-,1 Exhibit D offered by Plaintiffs.
[9] 09-1336 (La. App. 1st Cir. 2010), 2010 WL 528472.
[10] Id. at pg. 3.

### III. CONLCUSION

For the reasons set forth above, the Defendants' *Motion to Dismiss*[11] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on <u>August 1, 2014</u>.

*Shelly D. Dick*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[11] Rec. Doc. 5.